**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-1772**

———————

JAMES HOWARD,

               Plaintiff – Appellant,

        v.

LAKESHORE EQUIPMENT COMPANY, d/b/a Lakeshore Learning
Materials,

               Defendant - Appellee.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Roger W. Titus, District Judge.
(8:10-cv-00985-RWT)

———————

Submitted:  May 17, 2012              Decided:  June 6, 2012

———————

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

David A. Branch, LAW OFFICE OF DAVID A. BRANCH & ASSOCIATES,
PLLC, Washington, D.C., for Appellant. John M. Remy, Matthew F.
Nieman, JACKSON LEWIS, LLP, Reston, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Howard appeals the district court's order granting summary judgment in favor of Lakeshore Equipment Company ("Lakeshore") on Howard's employment discrimination claims under 42 U.S.C. § 1981 (2006) and his breach of implied contract claim, and denying his motion for leave to file a second amended complaint. Finding no reversible error, we affirm.

We review de novo a district court's order granting summary judgment, viewing the facts and drawing reasonable inferences therefrom in the light most favorable to the nonmoving party. Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir.), cert. denied, 132 S. Ct. 398 (2011). Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An otherwise properly supported motion for summary judgment will not be defeated by the existence of any factual dispute; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. Mere conclusory allegations are insufficient to support the nonmoving party's case. Erwin v. United States, 591 F.3d 313, 319-20 (4th Cir. 2010).

Because, as Howard concedes, he did not produce direct or circumstantial evidence that race discrimination motivated Lakeshore's adverse action, he could avoid summary judgment only through the burden-shifting scheme established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284-85 (4th Cir. 2004) (en banc); see Gairola v. Va. Dep't of Gen. Servs., 753 F.2d 1281, 1285-86 (4th Cir. 1985) (applying McDonnell Douglas approach to actions brought pursuant to § 1981). Under the McDonnell Douglas framework, a plaintiff is first required to establish a prima facie case of discrimination, showing that (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he suffered this adverse action despite performing his job in accordance with the employer's legitimate expectations; and (4) the circumstances gave rise to an inference of unlawful discrimination. Adams v. Trustees of the Univ. of N.C.–Wilmington, 640 F.3d 550, 558 (4th Cir. 2011). If the plaintiff makes this showing, "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action." Hill, 354 F.3d at 285. If the employer does so, the burden shifts back to the plaintiff to show by a preponderance of the evidence that the employer's stated reasons are a pretext for unlawful discrimination. Id.

3

Because Howard did not show that he met Lakeshore's legitimate performance expectations or that the circumstances give rise to an inference of discrimination, we conclude that he cannot make a prima facie showing of race discrimination. Moreover, even if Howard could make a prima facie showing of discrimination, he cannot rebut Lakeshore's legitimate reasons for terminating him and declining to hire him as Vice President, as he has not shown a relationship between the employment decisions and any discriminatory animus. Accordingly, we hold that the district court did not err in granting summary judgment on Howard's race discrimination claims.

Howard next contends that statements made by a Lakeshore supervisor constituted an implied contract under which Howard could return to the position he held prior to his promotion if he was unsuccessful in his new position. We conclude that, in the face of Lakeshore's explicit at-will policy,[*] the vague and unspecific statements the supervisor allegedly made are insufficient to give rise to an implied contract. See McKenzie v. Comcast Cable Comm., Inc., 393 F.

---

[*] Because the policy was included in the Regional Manager Policy Manual, which Lakeshore's Human Resources Director testified applied to Howard, Howard's conclusory allegation that the at-will policy did not apply to him is insufficient to create a genuine dispute of material fact. See Erwin, 591 F.3d at 319-20.

4

Supp. 2d 362, 369-70 (D. Md. 2005). Thus, we hold that the district court did not err in granting summary judgment on this claim.

Finally, Howard complains that the district court denied him leave to amend his complaint to add a claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). We review for abuse of discretion a district court's denial of a motion to amend. Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010). Although leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), a district court has discretion to deny a motion to amend a complaint, so long as the court does not "outright refus[e] to grant the leave without any justifying reason." Foman v. Davis, 371 U.S. 178, 182 (1962). A district court may deny a motion to amend "when the amendment would be prejudicial to the opposing party," when the moving party has acted in bad faith, or when the amendment would be futile. Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

Because Howard cannot succeed on a claim of race discrimination, the addition of a Title VII claim would be futile. Accordingly, we conclude that the district court did not abuse its discretion in denying Howard's motion.

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court.

<u>AFFIRMED</u>